NEW-YORK,
Oct. 1815.

SHEPHERD
v.
HEES.

SHEPHERD *against* HEES.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *trespass*, brought in the court below by *Hees* against *Shepherd*, for damage done by the defendant's hogs in the plaintiff's cornfield. The plaintiff proved that the defendant's hogs repeatedly came into his cornfield, through a partition fence, which divided their farms, and destroyed his corn. The defendant then proved that the plaintiff's fence, through which the hogs entered the cornfield, was out of repair, and utterly insufficient. To which the plaintiff replied, by showing a by-law of the town, whereby it was provided that *all hogs should be kept up, under a penalty of fifty cents.* Judgment was given for the plaintiff in the court below.

*Per Curiam.* The question here depends entirely upon the construction of this by-law. By the 12th section of the " act relative to the duties and privileges of towns," (vol. 2. 131.,) town meetings are authorized " to make such prudential rules and regulations as they shall judge necessary and convenient, for directing the times, places, and manner, of permitting or preventing cattle, horses, sheep, and swine, or any of them, to go at large," and " for ascertaining the sufficiency of all partition and other fences."

By enacting that " all hogs shall be kept up," the town meeting must be supposed to intend that *no hogs shall go at large ;* which means, that they shall not be free commoners upon the highways. It was not intended by this by-law to interfere with the *interior* economy or management of every man's farm ; it could not reasonably have been intended to compel every farmer to keep his swine in a close pen. The power of the towns for such interior regulations may well be doubted.

Upon this construction, therefore, it results, that the by-law in this case has no application ; because the trespass complained of was not done through the *outer fence*, adjoining a highway or common ; but through an *inner, or partition fence*, between the two neighbours.

A by-law of a town, declaring that *all hogs should be kept up*, only extends to prevent hogs from going at large on the highway ; and it seems that a town has no power to prevent the inhabitants from letting their hogs go at large upon their own land. If the defendant's hogs go into the adjoining land of the plaintiff, by reason of the partition fence, which the plaintiff is bound to keep in repair, being insufficient, he cannot maintain an action of trespass.

The case rests, then, upon common-law principles, independent of the by-law; and as it appears that the swine entered the cornfield through that part of the interior fence which the plaintiff below was bound to keep in repair, but which he suffered to decay, so as to be utterly insufficient; the loss he complained of was occasioned by his own negligence; and he has suffered *damnum absque injuria.* The judgment below must be reversed.

<div align="right">Judgment reversed.</div>