Memorandum. Judgment reversed and information dismissed. Appellant was convicted of disorderly conduct and of being “ a disorderly person ” on the charge she allowed “ two cats to run at large ” in violation of an ordinance of the Village of Freeport (Ch. I, Ordinance 1.1).
The proof is that on two occasions a cat .owned by defendant was on her next-door neighbor’s lawn. The neighbor is a policeman and he prosecuted the case. The proof is insufficient to establish appellant’s guilt of this quasi-criminal offense and its resultant adjudication of disorderly person status beyond a reasonable doubt. Appellant’s land was fenced in and the ability of her cats on two single occasions to get over or through *679 the fence is not sufficient to bring home to appellant a personal quasi-criminal responsibility based on the allegation in the information that she did “ allow two cats to run at large Additionally, the term ‘1 run at large ’ ’ in relation to domestic animals does not normally mean that an animal is found on a neighbor’s property in an isolated instance. The term has had a consistent judicial construction to mean a more generalized wandering or running of animals (Shepherd v. Hees, 12 Johns. 433; Coles v. Burns, 21 Hun 246; 3 C. J. S., Animals, § 131).
Chief Judge Fttld and Judges Van Vooehis, Bueke, Scileppi, Bergan, Keating and Breitel concur.
Judgment reversed, etc.